UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                                      |   |                          |
|------------------------------------------------------|---|--------------------------|
| ALFREDO DOS ANJOS, SOUTH WASHINGTON STREET, LLC, and 849 SOUTH WASHINGTON STREET, LLC, | ) ) ) ) ) | |
| Plaintiffs,                                          | ) ) | |
| v.                                                   | ) ) | Civil No. 19-10426-LTS |
| JOSHUA TEVEROW and JOSHUA TEVEROW, ESQUIRE, LTD.,    | ) ) ) ) | |
| Defendants.                                          | ) ) | |

ORDER ON MOTION TO TAKE JURISDICTIONAL DISCOVERY (DOC. NO. 16)
AND MOTION TO DISMISS (DOC. NO. 10)

June 27, 2019

SOROKIN, J.

Plaintiff Alfredo Dos Anjos is an individual domiciled in Florida. Doc. No. 1 ¶ 6. Plaintiffs South Washington Street, LLC, and 849 South Washington Street, LLC are both Massachusetts LLCs located in North Attleboro. Id. ¶ 5. The plaintiffs brought suit against defendant Joshua Teverow for various common law torts, including intentional interference and legal malpractice claims, all arising out of business transactions among the parties. Id. ¶¶ 10-14. Diversity is the only basis for invoking the subject matter jurisdiction of this Court. Id. ¶ 3. The complaint alleges that Teverow is domiciled in Rhode Island. Id. ¶ 7.[1]

---

[1] After the motion to dismiss was filed, the plaintiffs filed an amended complaint. Doc. No. 13. The Court perceives no changes to the complaint which bear on the question of whether there is diversity jurisdiction. The plaintiffs added Teverow's business, Joshua Teverow, Esquire, Ltd., which they allege is a law firm and Rhode Island corporation. Id. ¶ 7.

Teverow now moves to dismiss on the basis that this Court lacks subject matter jurisdiction because he is in fact domiciled in Florida, and accordingly, the requirement of complete diversity is not satisfied. In response, the plaintiffs filed a motion to take jurisdictional discovery. Doc. No. 16. Teverow opposed. Doc. No. 18. The Court heard argument from the parties on May 28, 2019. At the hearing, the Court denied the motion to take jurisdictional discovery and permitted the plaintiffs to file an opposition to the motion to dismiss with a renewed request for jurisdictional discovery including the proposed discovery requests. The plaintiffs did so. Doc. No. 31. Teverow thereafter filed a reply. Doc. No. 34.

I. FACTS

The following facts are undisputed.[2]

Teverow was born and raised in Rhode Island. Other than forays out of state for college (New Jersey) and law school (Massachusetts), Teverow both resided in and was domiciled in Rhode Island for his childhood and adult life until certain events described below. After law school, Teverow established a law practice in Providence, Rhode Island. He maintains that practice now, as well as his membership in the Rhode Island bar. Doc. No. 11-1 ¶ 17. He is also a licensed real estate broker in Rhode Island and serves as the President of Texcel, a Rhode Island textile manufacturing company. Id. To date, Teverow owns a home in Rhode Island, as he has for many years, and has four vehicles registered in Rhode Island. Id. ¶¶ 8-9. In 2004, he and his wife purchased a condominium in Florida, though he continued to work and reside in

---

[2] The Court has documentary evidence reflecting the following: Teverow's Florida voter registration, Docs. No. 11-2, 11-5, his Florida declaration of domicile, Doc. No. 11-3, public filings relating to his Rhode Island businesses, Docs. No. 16-3, 31-9, 31-12, a public filing relating to his Rhode Island home, Doc. No. 31-6, and public filings relating to his Florida business, Docs. No. 31-8, 31-11. The other facts are derived from the submissions of the parties, including an affidavit submitted by Teverow, Doc. No. 11-1.

Rhode Island. Id. ¶ 5. He also maintained his domicile in Rhode Island. Until 2015, Teverow was active in his synagogue and various community groups in Rhode Island. Id. ¶ 16.

In 2013, Teverow obtained a Florida driver's license, giving up his Rhode Island driver's license to do so. Id. ¶ 11. In 2015, Teverow executed a declaration of domicile in Florida. Doc. No. 11-3. Since November 2015, he has been registered to vote in Florida. Doc. No. 11-2; Doc. No. 11-1 ¶ 3. Since 2015, he has filed his federal income tax returns using his Florida address, and has filed Rhode Island tax returns as a non-resident. Doc. No. 11-1 ¶ 4. In Florida, Teverow owns a condominium, five cars, and a boat. Id. ¶¶ 5-6. He is active in a synagogue in Palm Beach and is a member of the Mar-a-Lago Club and various civic associations in Palm Beach. Id. ¶¶ 14-15. Additionally, Teverow operates a consulting business in Florida. Id. ¶ 18.

Teverow has not severed all ties with Rhode Island. He continues to own his long-time home in Rhode Island. He continues to own and register cars in Rhode Island. He maintains his active law practice, his real estate license, and his position as President of Texcel. Id. ¶ 17. He visits the state between six and ten times per year for business and attends High Holiday services at his old temple in Rhode Island with his adult children each fall. Id. ¶¶ 16-17. Nothing before the Court establishes the amount of time Teverow spends in Florida except a comment made by his lawyer at the hearing and a statement in Teverow's affidavit that he is "physically present in Rhode Island for less than six months over the course of a year," though the affidavit does not state how much time he spends in Florida. Id. ¶ 10. Teverow also stated in his affidavit that until April 16, 2019, he had spent only twelve hours in Rhode Island during 2019. Id.

II.  LEGAL STANDARD

Federal courts are courts of limited subject matter jurisdiction. They may hear and decide cases brought between citizens of different states where the amount in controversy

3

exceeds $75,000. 28 U.S.C. § 1332(a). "Once challenged, 'the party invoking subject matter jurisdiction . . . has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction.'" Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008) (quoting Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir.1992)).

"Citizenship for diversity purposes is domicile, and domicile is the place where one is present and intends to stay." Rodriguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 32 (1st Cir. 2011). "There is, ordinarily, a presumption of continuing domicile." Padilla-Mangual, 516 F.3d at 31. A new domicile is established by (1) presence in the new state and (2) an intent to remain there, and "is determined as of the time the suit is filed." Id.

The affidavit and documentary evidence Teverow submitted, including among other things, his voter registration and declaration of domicile, are sufficient to overcome the presumption of continuing domicile in Rhode Island. See Bank One, 964 F.2d at 51 (affidavit by defendant stating that he had changed his domicile sufficed to meet "initial burden of producing evidence overturning the presumption in favor of a continuing [] domicile"). Once overcome, as here, the party seeking to invoke federal jurisdiction must carry the "ultimate burden of persuasion . . . to prove by competent proof and a preponderance of the evidence that diversity of citizenship" existed at the time suit was filed. Id. Accordingly, the burden lies on the plaintiffs to show by a preponderance of the evidence that Teverow is not domiciled in Florida. Id.

The First Circuit has recognized several factors which a Court may consider in determining a party's intent to reside, though a party need not prove each and every one. Rodriguez, 642 F.3d at 33. Those factors include "where the party exercises civil and political rights, pays taxes, has real and personal property, has a driver's or other license, has bank accounts, has a job or owns a business, attends church, and has club memberships." Id.

4

Additionally, the First Circuit has said that "the place a person is registered to vote is a 'weighty' factor in determining domicile." Padilla-Mangual, 516 F.3d at 32 (quoting Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 12 (1st Cir. 1991)).

III. DISCUSSION

The record before the Court tells a familiar story. A wealthy person domiciled in the northeast later in life purchased a residence in the warmer climate of Florida and still later, undertook various formal and actual life changes to move his domicile there. He votes in Florida. He declared Florida his domicile. He files tax returns as a Florida citizen or domiciliary. He runs a business there. He attends religious services there. However, he has not cut all ties to Rhode Island. He visits regularly for both business and family purposes. He continues to operate in Rhode Island his major life business, his law practice, albeit from mostly afar, he attests. He also attends some religious services in Rhode Island. The plaintiffs assert that the facts before the Court establish by a preponderance of the evidence that Teverow is domiciled in Rhode Island; in the alternative, they ask for jurisdictional discovery to identify additional facts which may support their position.

Here, there is no basis for jurisdictional discovery. The plaintiffs have pointed to no disputed facts. No evidence before the Court contradicts the facts upon which Teverow relies. This case is not like the one cited by the plaintiffs, where the defendant claimed he was domiciled in Florida but had recently executed a document stating that his personal residence was in New Jersey. Comprehensive Care Corp. v. Katzman, No. 8:09-CV-1375-T-24TBM, 2009 WL 3157634, at *2 (M.D. Fla. Sept. 25, 2009). Nor have the plaintiffs submitted any evidence to indicate that the statements made by Teverow in his affidavit are false; thus, this case is not like Galva Foundry Co. v. Heiden, 924 F.2d 729, 731 (7th Cir. 1991), to which plaintiffs cite.

5

There, the defendant "changed" his residence by effectively lying to tax authorities to avoid a substantial tax burden arising from the sale of his business while actually continuing to spend the majority of his time in his original domicile. Id. Even if Teverow moved to Florida for income tax purposes, that alone does not preclude a change in domicile. The record in this case is very different than the circumstances in Galva and, in any event, nothing before the Court suggests a factual dispute as to either the general assertion of domicile in Florida or the "subsidiary" assertions made in his affidavit. See Bank One, 964 F.2d at 53 (holding that evidence provided by the plaintiff which "render[ed] suspect" certain "subsidiary assertions" made by the defendant "was insufficient to satisfy [the plaintiff's] burden of proving by a preponderance of the evidence" that the defendant was not domiciled where he claimed).

Additionally, the record is reasonably complete.[3] There simply is evidence of a life in Rhode Island followed by a gradual move to Florida with an effort to change domicile to Florida without cutting all ties to Rhode Island. This all happened in and around 2015, long before the complaint in this case was filed. The plaintiffs have offered no evidence to suggest that anything about Teverow's domicile has since changed. The discovery they seek focuses on irrelevant time periods (prior to 2015), information not particularly probative, such as the geographic location of his income, and conceded information (such as that he joined various religious and social institutions in Florida prior to 2015). While some of the discovery sought could provide

---

[3] Plaintiffs renewed their motion for jurisdictional discovery. However, the discovery they seek is too broad in time. The plaintiffs seek information from 2004 to the present, which encapsulates approximately ten years during which time Teverow does not dispute he was domiciled in Rhode Island. Doc. No. 31-13. The plaintiffs also seek information relating to the finances and addresses of Teverow's various businesses, which is not of the utmost importance in the domicile analysis. See Bank One, 964 F.2d at 53 ("While the location of a person's business is certainly probative of intent, courts tend to emphasize the location of one's domestic and social life over her business contacts.").

relevant information, given the scope of the information submitted and the absence of a factual dispute, the renewed motion for jurisdictional discovery is DENIED.

IV. MOTION TO DISMISS

The Court concludes, based on the record, that Teverow overcame the presumption of continuing domicile to show that as of the time suit was filed on March 7, 2019, he was domiciled in Florida. Among other things, Teverow was registered to vote in Florida, had filed a declaration of domicile in Florida, and had filed both federal and state income taxes in Florida since 2015. While none of these factors is alone dispositive, taken together without any conflicting evidence, they provide sufficient evidence to overcome the presumption of continuing domicile.

The plaintiffs have not set forth evidence sufficient to meet their burden to prove by a preponderance of the evidence that Teverow was in fact not domiciled in Florida, such as evidence to demonstrate that Teverow was actually living in Rhode Island during this time. Because both the complaint and the amended complaint allege that plaintiff Alfredo Dos Anjos is also domiciled in Florida, there is no diversity of citizenship. Accordingly, this Court lacks subject matter jurisdiction to hear this case. The defendant's motion to dismiss, Doc. No. 10, is ALLOWED.

V. CONCLUSION

The plaintiffs' renewed motion to take jurisdictional discovery, Doc. No. 31, is DENIED. The defendant's motion to dismiss, Doc. No. 10, is ALLOWED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge